**E-filed 3/7/06**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DALE RABY, JR.,<br><br>                Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>                Defendant. | Case No. C 04-03830 JF<br><br>ORDER[1] DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR REMAND; AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>[Docket No. 13] |

Plaintiff Dale Raby, Jr. seeks reversal of a decision by the Commissioner of Social Security denying him disability insurance benefits. The challenged decision was rendered by Administrative Law Judge Sandra K. Rodgers (the "ALJ") on March 23, 2004. The ALJ's decision became final on August 11, 2004, when the Appeals Council of the Social Security Administration denied Plaintiff's request for review of the ALJ's decision. Plaintiff filed a motion for summary judgment or remand on January 27, 2005. Defendant filed a cross-motion for summary judgment on February 14, 2005. Plaintiff did not file a reply. The matter was submitted without oral argument.

---

[1] This disposition is not designated for publication and may not be cited.

# I.  BACKGROUND

Plaintiff, who was 48-year-old at the time of the hearing before the ALJ, has a GED level education and past relevant work experience as a painter.  Plaintiff filed his application for disability insurance benefits in March 2002, alleging an onset date of February 6, 2001 due to lung problems and psoriasis.  The ALJ found that Plaintiff has not performed substantial gainful activity since February 6, 2001.  The ALJ also found that Plaintiff suffered from occupational asthma and psoriasis, both of which are considered severe medically determinable impairments for the purpose of determining eligibility for Social Security disability benefits.  20 C.F.R. § 404.1521.  Nonetheless, Plaintiff was found "not disabled."  According to the ALJ, Plaintiff's impairments do not meet or equal the criteria of impairments listed in Appendix 1 to subpart P of regulations No. 4 ("Listing").  The ALJ further found that, even though Plaintiff cannot return to his past relevant work as a painter for environmental reasons, his residual functional capacity, age, and education enable him to perform a wide range of semi-sedentary and light jobs that exist in significant numbers in the national economy.

# II. LEGAL STANDARDS

## A. Standard for Reviewing the Commissioner's Decision

Pursuant to 42 U.S.C. § 405(g), this Court has the authority to review the Commissioner's decision to deny benefits.  The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).  In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance - it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523; *see also Drouin*, 966 F.2d at 1257.  When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257; *Hammock v. Bowen*, 879 F.2d

Case No. C 04-03830 JF
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR REMAND; AND GRANTING
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT.
(JFEX2)

1   498, 501 (9th Cir. 1989).  Where evidence exists to support more than one rational interpretation,

2   the Court must defer to the decision of the Commissioner.  *Moncada,* 60 F.3d at 523; *Drouin*,

3   966 F.2d at 1258.

4

5   **B. Standard for Determining Disability**

6       A person is "disabled" for purposes of receiving Social Security benefits if he or she is

7   unable to engage in any substantial gainful activity due to a physical or mental impairment which

8   is expected to result in death or which has lasted or is expected to last for a continuous period of

9   at least twelve months.  42 U.S.C. § 423(d)(1)(A); *Drouin*, 966 F.2d at 1257.  The Commissioner

10  follows a five-step sequential evaluation process in assessing whether a claimant is disabled.  20

11  C.F.R. §§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  In the first

12  step, the Commissioner must determine whether the claimant currently is engaged in substantial

13  gainful activity; if so, the claimant is not disabled and the claim is denied.  *Id.*  If the claimant is

14  not currently engaged in substantial gainful activity, the second step requires the Commissioner

15  to determine whether the claimant has a "severe" impairment or combination of impairments

16  which significantly limits the claimant's ability to do basic work activities; if not, a finding of

17  "not disabled" is made and the claim is denied.  *Id.*  If the claimant has a "severe" impairment or

18  combination of impairments, the third step requires the Commissioner to determine whether the

19  impairment or combination of impairments meets or equals an impairment in the Listing; if so,

20  disability is conclusively presumed and benefits are awarded.  *Id.*  If the claimant's impairment or

21  combination of impairments does not meet or equal an impairment in the Listing, the fourth step

22  requires the Commissioner to determine whether the claimant has sufficient "residual functional

23  capacity"[2] to perform his past work; if so, the claimant is not disabled and the claim is denied.

24  *Id.*  The plaintiff has the burden of proving that he or she is unable to perform past relevant work.

25

26

27      [2]A claimant's residual functional capacity is what he or she can still do despite existing
    exertional and nonexertional limitations.  *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir.
28  1989).

Case No. C 04-03830 JF
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR REMAND; AND GRANTING
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT.
(JFEX2)

1    *Drouin*, 966 F.2d at 1257.  If the claimant meets this burden, a *prima facie* case of disability is

2    established.  The Commissioner then bears the burden of establishing that the claimant can

3    perform other substantial gainful work; the determination of this issue comprises the fifth and

4    final step in the sequential analysis.  20 C.F.R.§§ 404.1520, 416.920; *Lester*, 81 F.3d at 828 n.5;

5    *Drouin*, 966 F.2d at 1257.

6

7                                 **III. DISCUSSION**

8         Plaintiff raises several challenges to the ALJ's decision.  First, he argues that the ALJ was

9    required to consider non-severe impairments as well as severe impairments.  Second, he argues

10   that a medical advisor should have been present to evaluate both his severe and non-severe

11   impairments.  Third, he argues that a combination of all his impairments meets or equals a listed

12   impairment.  Fourth, he argues that the ALJ failed to consider the psychiatric report from Dr. V.

13   Kamdar.  Finally, he argues that his psoriasis is a critical part of his disability when combined

14   with all of his other impairments.

15         Defendant argues that the ALJ properly considered Plaintiff's non-severe impairments,

16   including sleep apnea and obesity; that the ALJ did not need to consult a medical advisor because

17   the medical evidence was not ambiguous; that Plaintiff fails to demonstrate that any of his

18   impairments or a combination of impairments satisfies the criteria in the Listing; that the ALJ's

19   failure to consult the psychiatric report was harmless; and finally that Plaintiff's residual

20   functional capacity and his psoriasis were properly considered by the ALJ.

21

22   **A. Consideration of Non-severe Impairments**

23         Plaintiff asserts that the ALJ should have discussed his non-severe impairments,

24   including sleep related breathing disorders, sleep apnea, and obesity.  The ALJ has a duty to

25   develop the record fully and fairly and conduct an appropriate inquiry.  *Tonapetyan v. Halter*,

26   242 F.3d 1144, 1150 (9th Cir. 2001).  Here, the ALJ did consider Plaintiff's non-severe

27   impairments, based on the medical evaluations of consulting physicians and Plaintiff's treating

28

Case No. C 04-03830 JF
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR REMAND; AND GRANTING
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT.
(JFEX2)

1  physician, Dr. John F. Bennetts.  First, the ALJ noted the opinion of consulting physician Dr.

2  Revels M. Cayton.  Dr. Cayton stated that Plaintiff's "sleep apnea was caused by body build and

3  weight."  A.R. 21.  The ALJ also noted the diagnosis of Dr. C. E. Gable with regard to Plaintiff's

4  chemical induced asthma, psoriasis and obesity.  A.R. 23.  Finally, the ALJ discussed Dr.

5  Bennetts' advice to Plaintiff regarding his obesity.  Though Dr. Bennetts opined that Plaintiff's

6  obesity makes him much more susceptible to sleep apnea and advised him to follow a diet and

7  exercise weight loss plan, Plaintiff did not follow Dr. Bennetts' recommendations.  A.R. 23.

8       In addition, the ALJ pointed out the inconsistencies in Plaintiff's testimony regarding the

9  effect of psoriasis on his physical stamina.  Plaintiff testified that "his skin condition causes

10  itching" and that "this prevents him from being able to sit for long periods," but he also testified

11  that he is able to sit "uninterrupted at his computer for up to two hours at a time."  A.R. 23, 352.

12  The ALJ concluded that, with proper diet and exercise, Plaintiff's functional capacity likely

13  would be improved, and that he was only physically deconditioned, not disabled.  A.R. 23.

14

15  **B. Absence of a Medical Advisor**

16       Plaintiff contends that the presence of a medical advisor is essential in determining

17  whether a combination of Plaintiff's impairments meets or equals a listed impairment in the

18  Listing.  Generally, the Plaintiff has the duty to prove that he was disabled.  20 C.F.R. §

19  404.1512(a).  However, "ambiguous evidence, or the ALJ's own finding that the record is

20  inadequate to allow for proper evaluation, triggers the ALJ's duty to 'conduct an appropriate

21  inquiry.'"  *Tonapetyan*, 242 F.3d 1144, 1150

22       Here, the ALJ properly determined that a medical advisor was not necessary to aid in the

23  ALJ's determination.  Plaintiff speculates that sleep apnea can cause daytime sleepiness, and

24  suggests that the combination of sleep apnea, obesity and respiratory impairments would create a

25  synergistic effect that would make his impairments meet or equal an impairment in the Listing.

26  However, none of the medical reports in the record supported this alleged synergistic effect.

27  Plaintiff has not identified any ambiguity in the evidence or otherwise demonstrated that the ALJ

28

Case No. C 04-03830 JF
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR REMAND; AND GRANTING
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT.
(JFEX2)

1    was required to use a medical advisor at the hearing to conduct an appropriate inquiry.

2

3    **C. Whether a Combination of Plaintiff's Impairments Meets or Equals a Listed**

4    **Impairment**

5         Plaintiff next asserts that a combination of his severe and non-severe impairments would

6    meet or equal the criteria of a listed impairments in the Listing.  Here, the ALJ did consider

7    Plaintiff's non-severe impairments, obesity and sleep apnea, in combination with his severe

8    impairments, including occupational asthma and psoriasis.  As discussed above, the ALJ noted

9    that Plaintiff's obesity makes him more susceptible to sleep apnea and reduces his stamina.

10   Medical reports indicate that these non-severe impairment-related conditions can be improved by

11   proper diet and activity, and therefore are not sufficient to meet or equal the criteria in the

12   Listing.

13        Moreover, the ALJ discussed the inconsistencies in the record between Dr. Bennetts'

14   November 2003 statement regarding Plaintiff's ability to work and his own earlier progress notes

15   and the evaluation of least three other consulting physicians.  In Dr. Bennetts' November 2003

16   statement, Plaintiff was reported to have asthma attacks every day, to be capable of sitting or

17   standing for only thirty minutes at a time, and to be incapable of lifting ten pounds on an

18   infrequent basis.  A.R. 23.  In contrast, the ALJ noted that one of the consulting physicians, Dr.

19   Gable, concluded that Plaintiff could sit up to six hours a day, with break.  There was an absence

20   of any record of emergency room visits as a result of acute asthma.  A.R. 22-23.  The ALJ also

21   noted Plaintiff's failure to follow Dr. Bennetts' prescribed treatment for his obesity.  A.R. 23.

22        An ALJ may discredit treating physicians' opinions that are conclusory, brief, and

23   unsupported by the record as a whole," *Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d

24   1190, 1195 (9th Cir. 2004) (citing *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)), and

25   must determine credibility and resolve the conflict when conflicting medical opinions are

26   present.  *Id.*  Here, the ALJ resolved conflicts on the evidence and properly concluded that a

27   combination of Plaintiff's occupational asthma, psoriasis, obesity, and sleep apnea did not meet

28

6

1    or equal the criteria of a listed impairment in the Listing.

2

3    **D. Consideration of Psychiatric Report**

4         Plaintiff claims that the ALJ erred in failing to consider Dr. Kamdar's functional

5    assessment, which stated that Plaintiff's breathing problems would prevent him from sustaining

6    simple and repetitive tasks for a long period of time and that he would have difficulty dealing

7    with overall stress in a work environment.  The ALJ's decision does not specifically mention Dr.

8    Kamdar's assessment.  However, it is not clear that Dr. Kamdar was a treating physician and,

9    even if he was, the ALJ's decision provides ample reasons for disregarding the substantial similar

10   conclusion of Plaintiff's treating physician, Dr. Bennetts.

11

12   **E. Psoriasis as a Critical Part of Plaintiff's Disability**

13        Finally, Plaintiff asserts that the ALJ erred in failing to determine that Plaintiff's psoriasis

14   is a critical part of his disability and prevents him from working an eight hour per day, five day

15   per week job, when combined with his other disabilities.  However, the ALJ did consider the

16   impact of Plaintiff's psoriasis.  In addition, the ALJ discussed specifically how psoriasis, together

17   with occupational asthma, obesity, and sleep apnea, affected Plaintiff's ability to sit or stand..

18   The ALJ found that Plaintiff's statement as to how his psoriasis affected his physical stamina was

19   not credible in light of Plaintiff's conflicting testimony.  Furthermore, relying upon the report of

20   consulting physician Dr. Richard Luros, the ALJ determined that Plaintiff still retains residual

21   functional capacity capable of performing a wide range of semi-sedentary and light work.  A. R.

22   22, 24-25.

23        The ALJ examined the administrative record as a whole, considering adverse as well as

24   supporting evidence.  *Drouin*, 966 F.2d at 1257.  Accordingly, this Court concludes that the ALJ

25   did not err in the ways asserted by Plaintiff and that there is substantial evidence in the record to

26   support the ALJ's finding that Plaintiff still retains the residual functional capacity to perform

27   semi-sedentary work, despite of his ongoing psoriasis.

28

7

## IV. ORDER

(1) Plaintiff's motion for summary judgment or remand is DENIED;

(2) Defendant's cross-motion for summary judgment is GRANTED; and

(3) The Clerk of the Court shall close the file.


DATED:   3/7/06


_____
JEREMY FOGEL
United States District Judge

8

1

This Order has been served upon the following persons:

2

3

Emmett Patrick O'Boyle eoboyle@rolmlaw.com

4

Sara Winslow sara.winslow2@usdoj.gov, kathy.terry@usdoj.gov;claire.muller@usdoj.gov

5

6

7

8

_____

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9